**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

JOSEPH L. SMITH, RAUSHANAH   )
SMITH, AND ERICK WILLIAMS   )
*individually and on behalf of all*   )
*others similarly situated*,   )
  )
    Plaintiffs,   )
  )
    v.   )   No.  4:25-cv-01224-AGF
  )
ASSOCIATED COURIERS, LLC and   )
MATTHEW SILVERBERG,   )
  )
    Defendants.   )

**MEMORANDUM AND ORDER**

This putative collective action is before the Court on Defendants Associated

Couriers, LLC's and Matthew Silverberg's Rule 12(f) Motion to Strike Plaintiffs'

collective action allegations.  ECF No. 17.  In their Complaint, Plaintiffs describe the

putative collective as including: "All individuals who, within the three years preceding

the filing of this action, performed delivery services for Defendants as medical couriers,

were classified as independent contractors, and were not paid overtime compensation for

hours worked over forty (40) in a work week."  ECF No. 1 at 5.  Plaintiffs, on behalf of

themselves and the putative collective, assert a cause of action for unpaid wages and

damages under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  For the

reasons set forth below, the Motion to Strike will be granted in part and denied in part.

## **BACKGROUND**

Associated Couriers, LLC is a company "specializing in the transportation of medical equipment and specimen."  ECF No. 1 at 3.  Matt Silverberg is the CEO of Associated Couriers.  *Id.*

The Plaintiffs in this case are all delivery drivers that provided delivery services to the Defendants.  *Id.* The Plaintiffs allege that each contracted with the Defendants to provide delivery services for them from various times from 2024 to present.  *Id.* Defendants allege that each of the Plaintiffs, either individually or on behalf of a Contractor, executed an Independent Contractor Operating Agreement ("ICOA") with Associated Couriers.  ECF Nos. 17-1–3 (ICOAs).

The ICOAs each contain a class and collective action waiver ("the Waivers") that is written in all caps and bolded.  The Waivers state:

> CONTRACTOR AND CONTRACTOR'S WORKERS WAIVE ANY RIGHT TO INITIATE, JOIN (I.E., OPT IN TO), REMAIN IN (I.E., NOT OPT OUT OF), OR OTHERWISE PARTICIPATE IN ANY CLASS ACTION, COLLECTIVE ACTION, CONSOLIDATED ACTION, OR REPRESENTATIVE ACTION BROUGHT AGAINST CARRIER, INCLUDING BUT NOT LIMITED TO SUCH ACTIONS BROUGHT UNDER STATE OR FEDERAL LAW AND THOSE ARISING UNDER THE FAIR LABOR STANDARDS ACT

ECF Nos. 17-1–3 at § 26.2.

On August 13, 2025, Plaintiffs filed this action alleging that the Defendants paid them on a per-mile basis rather than as a percentage of adjusted gross revenue.  ECF No. 1 at 4.  Under the ICOAs, Plaintiffs' payment was supposed to be calculated as a percentage of adjusted gross revenue.  *Id.*  Yet, despite this, Defendants allegedly

informed Plaintiffs repeatedly that they were paid on a per-mile basis. *Id.* Plaintiffs'

Complaint asserts a collective claim under the FLSA and individual claims on behalf of

themselves under the Missouri Minimum Wage Law. *Id.* at 5–8.

Plaintiffs' proposed collective definition is "All individuals who, within the three

years preceding the filing of this action, performed delivery services for Defendants as

delivery drivers, were classified as independent contractors, and were not paid overtime

compensation for hours worked over forty (40) in a work week." *Id.* at 5.

On November 14, 2025, Defendants filed their Rule 12(f) Motion to Strike in

which they request the Court strike the Plaintiffs' collective action allegations. ECF No.

17. The Motion is fully briefed and is now ripe for ruling.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(f), the Court may strike any insufficient

defense or any redundant, immaterial, impertinent, or scandalous material from a party's

filings. The Court enjoys "liberal discretion" in determining whether to strike a party's

pleadings. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

Accordingly, the Court may strike portions of a party's pleadings when those portions

lack a sufficient legal basis of support. *See Donelson v. Ameriprise Fin. Servs., Inc.*, 999

F.3d 1080, 1092 (8th Cir. 2021) (citing *BJC Health Sys.*, 478 F.3d at 916–18). However,

such a remedy is a "drastic" measure considered both "extreme" and "disfavored." *Id.* at

1091–92 (internal citations omitted).

While nothing forbids a court from striking class allegations at this early stage of

the proceedings, courts are particularly hesitant to strike a plaintiff's collective and class

3

allegations prior to discovery on the issue and a certification hearing.  *See, e.g., Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 10-04175-CV-C-NKL, 2012 WL 4090347, at *2 n.1 (W.D. Mo. Sep. 17, 2012) (collecting cases) (examining a motion to dismiss a plaintiff's class allegations prior to discovery and explaining that courts approach such motions with "a great deal of skepticism").  This is because "[a]n order striking class allegations is 'functional[ly] equivalent' to an order denying class certification."  *Microsoft Corp. v. Baker*, 582 U.S. 23, 34 n.7 (2017).

Courts evaluate a motion to strike collective and class allegations in the light most favorable to the plaintiff, accepting the plaintiff's allegations as true.  *See Doyel v. McDonald's Corp.*, No. 4:08-CV-1198 CAS, 2009 WL 350627, at *6 (E.D. Mo. Feb. 10, 2009).  The Court must deny the motion when a more rigorous application of the facts is required to fully evaluate the plaintiff's claims.  *Id.*  At this stage, all doubts must be resolved in favor of the plaintiff with the understanding that the plaintiff may modify the collective and class allegations after discovery on the issue.  *See Anglin v. Edgewell Personal Care Co.*, Case No. 4:18-CV-00639-NCC, 2018 WL 6434424, at *14 (E.D. Mo. Dec. 7, 2008).

However, "[i]t is 'sensible . . . to permit class allegations to be stricken at the pleading stage' if it is 'apparent from the pleadings that the class cannot be certified' because 'unsupportable class allegations bring "impertinent" material into the pleading and 'permitting such allegations to remain would prejudice the defendant by requiring the mounting of a defense against claims that ultimately cannot be sustained.'"  *Donelson*,

4

999 F.3d at 1092 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed.)).

**DISCUSSION**

Plaintiffs do not dispute that they each signed the ICOA agreement.  The key issue before the Court is whether the collective and class action waivers contained in the ICOAs are enforceable at this stage.  In their motion to strike, Defendants seek to enforce the Waivers to strike Plaintiffs' collective allegations.

Defendants contend that the plain language in the Waivers prevents Plaintiffs from engaging in any collective or class action against Defendants as a matter of contract.  Defendants argue that the language unambiguously restricts Plaintiffs' right to bring claims under the FLSA on a collective basis, such that Plaintiffs waived their right to participate in a FLSA action on a collective basis when they executed the ICOAs.

Defendants rely on *Donelson*, 999 F.3d at 1080, in which the Eighth Circuit held that the district court's refusal to strike the plaintiff's class allegations under Rule 12(f), despite the presence of a contractual waiver, was an abuse of discretion.  Plaintiffs assert that the waivers are unenforceable for several reasons, and thus, do not bar them from proceeding collectively.  Plaintiffs' main argument is that despite *Donelson*'s holding, a Rule 12(f) motion to strike is not the proper procedural mechanism for adjudicating the enforceability of the Waivers, and as a result Defendants' Motion is premature.

5

## Consideration of the ICOAs

As a threshold matter, Plaintiffs urge the Court to disregard the ICOAs attached to Defendants' Motion because they were not attached to the Complaint.  As such, Plaintiffs claim that Defendants' Motion should be denied since it is premature and incapable of resolution at this stage because of the lack of a developed factual record.  Plaintiffs' argument lacks merit.

"Though matters outside the pleading may not be considered in deciding a Rule 12 motion . . ., documents necessarily embraced by the complaint are not matters outside the pleading."  *Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir. 2004)).  "[T]he contracts upon which [a] claim rests . . . are evidently embraced by the pleadings."  *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n. 4 (8th Cir. 2003); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (discussing that in a Rule 12 motion in a case involving a contract, the court could consider the contract documents); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997) (explaining "[i]f the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied").

Plaintiffs' Complaint embraces the ICOAs because it states that each Plaintiff "contracted" with Associated Couriers.  ECF No. 1 at 3.  Further, Plaintiffs' FLSA claims rest upon the ICOA because they allege that under their agreement with Associated Couriers their pay was supposed to be a percentage of adjusted gross revenue, as

6

reflected in the ICOA, rather than on a per-mile basis.  Moreover, while Plaintiffs dispute the formation, assent, validity, and enforceability of the ICOAs, at least with respect to the Waivers, they do not dispute the authenticity of the ICOAs attached to Defendants' Motion.  Accordingly, even though the ICOAs were not attached to the Complaint, the Court finds that the ICOAs may properly be considered in ruling on the motion to strike. *See Phillips v. Riverside Transp., Inc.*, No. 23-2440-EFM-ADM, 2024 WL 3400252, at *3 (D. Kan. July 12, 2024) (considering the contracts and FLSA collective action waivers on a motion to dismiss and strike even though they were outside of the pleadings because they were central to plaintiff's claims and the parties did not dispute their authenticity).

**Rule 12(f) and Collective Action Waivers**

Relying on *Donelson*, Defendants argue that Plaintiffs' collective allegations should be stricken because courts routinely enforce collective and class action waivers on Rule 12 motions.  They further argue that striking is warranted because the FLSA right to collective action is waivable under Eighth Circuit precedent.

Plaintiffs contend that Defendants' reliance on *Donelson* is misplaced, and as a result the Court is prevented from enforcing the Waivers to strike the collective allegations at this stage.  They argue that *Donelson* does not support Defendants' position because (1) *Donelson* involved a motion to compel arbitration, which is not present here, and (2) *Donelson* was not a FLSA case.

Plaintiffs' attempts to distinguish *Donelson* are not persuasive.  First, the lack of a motion to compel arbitration does not render the Waivers unenforceable at this stage.  In *Donelson*, the Eighth Circuit held that district courts may strike class action allegations

7

when it is apparent from the pleadings that the collective or class cannot be certified, because otherwise it would prejudice defendants by forcing them to defend unsupportable allegations. *Donelson*, 999 F.3d at 1092. While *Donelson* involved a motion to compel arbitration, courts analyze these waivers the same regardless of whether an arbitration agreement is present.[1] *Hennessey v. Kohl's Corp.*, 571 F. Supp. 3d 1060, 1075 (E.D. Mo. 2021) ("While a vast majority of cases that address class [or collective] action waivers do appear within the context of arbitration agreements, there is no logical reason to distinguish a waiver in the context of an arbitration agreement from a waiver in the context of any other contract.") (internal quotation marks and citation omitted); *Palmer v. Convergys Corp.*, No. 7:10-CV-145, 2012 WL 425256, at *3–6 (M.D. Ga. Feb. 9, 2012) ("Class action waivers, like many other contractual terms, are proper subjects for contractual bargaining because there is no substantive right associated with class action litigation. Further, these waivers are not limited to the context of arbitration, which would unreasonably restrict parties from the freedom to contract in non-arbitration settings. Thus, the non-arbitration setting in this case does not automatically invalidate the class action waiver."). Therefore, the lack of a motion to compel arbitration does not affect whether the Waivers are enforceable at this stage.

Second, the fact that the collective claims here are brought under the FLSA does not prevent the Court from enforcing the Waivers at this stage. The Eighth Circuit has

---

[1] The Court notes that the ICOAs do contain arbitration agreements. However, since neither party acknowledges this fact and the Defendants have not moved to compel arbitration, the Court will not reference the arbitration agreement in its analysis.

8

held that the right to collective action under the FLSA is waivable. *See Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013) (reversing trial court decision that found right to collective action under the FLSA was non-waivable). Other Circuits also hold that plaintiffs asserting claims under the FLSA may waive their ability to join in collective actions. *See Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334–35 (11th Cir. 2014) (affirming dismissal based on employee's waiver of right to pursue collective action and concluding that "the text of FLSA § 16(b) does not set forth a non-waivable substantive right to a collective action"); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 296–97 & n.6 (2d Cir. 2013) (holding that the FLSA collective action right is waivable); *Vilches v. The Travelers Companies, Inc.*, 413 F. App'x 487, 494 (3d Cir. 2011) (finding no unconscionability in enforcing contractual waiver of collective action right); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) (rejecting claim that plaintiffs had been deprived of a substantive right to proceed collectively under the FLSA); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002) (determining there was nothing in the "text, legislative history, or purpose of the FLSA" to suggest that "Congress intended to confer a nonwaivable right to a class action"). Therefore, the FLSA aspect of this case does not prevent enforcement of the Waivers at this stage.

Further, district courts in this district and others have stricken collective and class action allegations based on waivers at the Rule 12 stage. *Lackie Drug Store, Inc. v. Express Scripts, Inc.*, No. 4:23-CV-01669-MAL, 2025 WL 3214306, at *3–4 (E.D. Mo. Nov. 18, 2025) (finding that a class action waiver was enforceable on a Rule 12(f) motion

and striking class actions allegations); *Porteous v. Flowers Foods, Inc.*, 766 F. Supp. 3d 1093, 1107 (D. Or. 2025) (striking collective action claims on a Rule 12(f) motion on the basis of collective action waiver); *Smith v. Quality Carriers, Inc*., No. 8:24-CV-2815-VMC-AAS, 2025 WL 1332198 (M.D. Fla. May 7, 2025), *reconsideration denied*, No. 8:24-CV-2815-VMC-AAS, 2025 WL 1677524, at *3–6 (M.D. Fla. June 13, 2025) (striking FLSA collective action allegations because of contractual waiver); *Phillips*, 2024 WL 3400252, at *3–6 (granting in part a motion to dismiss and strike plaintiffs' FLSA collective action allegations on the basis that the waiver was enforceable).

Here, Defendants' Rule 12(f) motion properly seeks to strike the collective allegations because the Waivers by their plain terms prohibit Plaintiffs from proceeding on a collective basis. Defendants are correct that according to *Donelson* this Court is allowed to analyze whether the collective allegations at issue here constitute "impertinent" material under Rule 12(f) because enforcement of the Waivers would render the allegations unsupportable based on the pleadings. *See Donelson*, 999 F.3d at 1092 (citing *BJC Health Sys.*, 478 F.3d at 916–18). Plaintiffs cite no authority in support of their contention that the Court is unable to rule on the Motion because it involves an FLSA claim or due to the lack of a motion to compel arbitration. Since Defendants' Motion is not premature, the Court will examine the validity and enforceability of the collective action waivers.

10

**Validity and Enforceability of Collective Action Waiver**

Defendants argue that Plaintiffs' collective allegations should be stricken because the collective action waivers are valid contracts under Missouri law.  Specifically, they argue that the Waivers are not unconscionable and thereby should be enforced according to their terms.

Plaintiffs argue that the validity and enforceability of the Waivers are fact-intensive matters and cannot be resolved on a Rule 12(f) motion.  Specifically, Plaintiffs argue (1) that Defendants' failure to state whether the Federal Arbitration Act ("FAA") or Missouri law governs the interpretation of the ICOAs makes it impossible for the Court to determine the validity and enforceability of the Waivers, (2) that the Waivers are potentially plagued by several contractual issues that render them unconscionable or void, and (3) that the Waivers are problematic because they do not apply equally to all Plaintiffs and leave the putative opt-in plaintiffs unaddressed.

### Governing law

As a threshold matter, Plaintiffs first argue that the Defendants fail to provide what law governs the ICOAs, either the FAA or Missouri law, which in turn affects the validity and enforceability of the Waivers.  However, in their Response, Defendants point out that the ICOAs each contain a clause mandating that the ICOAs are governed by Missouri law.  ECF Nos. 17-1–3 at § 26.1 (governing law provision).

"Under Missouri law, a choice-of-law clause in a contract generally is enforceable unless application of the agreed-to law is 'contrary to a fundamental policy of Missouri.'" *Cicle v. Chase Bank USA*, 583 F.3d 549, 553 (8th Cir. 2009) (quoting *Kagan v. Master*

11

*Home Prods., Ltd.,* 193 S.W.3d 401, 407 (Mo. Ct. App. 2006)).  The ICOAs at issue

include a choice-of-law provision stating that Missouri law shall apply. While Plaintiffs

suggest the choice-of-law provision is impacted by whether an exemption for

transportation workers applies under § 1 of the FAA, 9 U.S.C. § 1, no motion to compel

arbitration invoking Section 4 of the FAA has been filed.  9 U.S.C. § 4 (permitting a

"party aggrieved by the alleged failure . . . of another to arbitrate under a written

agreement for arbitration" to "petition any United States district court . . . for an order

directing that such arbitration proceed in the manner provided for in such agreement").

Thus, it is proper to apply Missouri substantive law to determine whether the Waivers are

valid and enforceable.

### Unconscionability

Missouri courts enforce agreement terms if "the contract is not otherwise void" or

voidable, for reasons like unconscionability.  *Malan Realty Inv'rs, Inc. v. Harris*, 953

S.W.2d 624, 626–27 (Mo. 1997) (en banc).   Here Plaintiffs suggest enforceability may

turn on whether the circumstances surrounding the execution of the contracts raise issues

of procedural or substantive unconscionability.  Missouri courts have traditionally

focused the discussion of unconscionability by examining two aspects: procedural and

substantive.  *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. 2006) (en

banc).  Unconscionability is determined by considering the totality of the circumstances.

*Id.*  It exists when there is "an inequality so strong, gross, and manifest that it must be

impossible to state it to one with common sense without producing an exclamation at the

inequality of it." *Id*. (internal quotations and citations omitted).  Based on the totality of the circumstances, the Court finds that the Waivers are not unconscionable.

### Procedural Unconscionability

Procedural unconscionability concentrates on "the formalities of making the contract." *Schneider*, 194 S.W.3d at 858.  "Procedural unconscionability focuses on such things as high pressure sales tactics, unreadable fine print, or misrepresentation among other unfair issues in the contract formation process." *Id.*

Plaintiffs argue that the Waivers are potentially procedurally unconscionable or invalid based on principles governing adhesion and bargaining inequality.  However, they fail to provide any legal or factual support for this allegation.  They merely assert that such issues may be present in the Waivers.

In *Robinson v. Title Lenders, Inc.*, the Missouri Supreme Court held that a contract should not be invalided "simply because it is contained in a contract of adhesion or because the parties had unequal bargaining power, as these are hallmarks of modern . . . contracts generally." 364 S.W.3d 505, 515 (Mo. 2012) (en banc).  Accordingly, adhesion contracts are not inherently sinister and automatically unenforceable.  *Swain v. Auto Services, Inc.*, 128 S.W.3d 103, 107 (Mo. Ct. App. 2003).  The Court acknowledges that Defendants may be in a superior bargaining position, however, Plaintiffs do not allege that the Defendants engaged in any unfair tactics or misrepresentations toward Plaintiffs.  Moreover, the waiver language is in capital letters and bold font rather than unreadable fine print.  And on the signature page, each Contractor acknowledged its right to seek

13

legal counsel prior to entering into the contract.  Therefore, the Court concludes that the Waivers are not procedurally unconscionable.

### Substantive unconscionability

Substantive unconscionability occurs when there is "undue harshness in the contract terms."  *Schneider*, 194 S.W.3d at 858.  These are terms "that no person 'in his sense and not under delusion would make.'"  *Brewer v. Missouri Title Loans*, 364 S.W.3d 486, 495 (Mo. 2012) (en banc) (quoting *AT&T Mobility LLC v. Conception*, 563 U.S. 333, 355 (2011) (Thomas, J. concurring)).

Plaintiffs argue the Waivers may be substantively unconscionable because they involve waiving a statutory right to proceed collectively.  Plaintiffs also argue that the Waivers may be unconscionable and unenforceable depending on whether the Plaintiffs are classified as independent contractors or employees.  Plaintiffs again fail to provide any legal or factual support for these allegations.

Under Missouri law, collective and class action waivers are not inherently substantively unconscionable.  *Robinson*, 364 S.W.3d at 517 ("*Concepcion* instructs clearly that a court cannot invalidate an arbitration agreement on the sole basis that it contains a class waiver.") (citing *Concepcion,* 563 U.S. 333); *Hennessey*, 571 F. Supp. 3d 1075 (finding a class action waiver was enforceable because it did not lead to economic infeasibility and an unconscionable result); *Iappini v. Silverleaf Resorts, Inc.*, 116 F. Supp. 3d 932, 940–42 (E.D. Mo. 2015) (finding that a class action waiver was not substantively unconscionable).  Substantively unconscionable waivers are those that impermissibly insulate defendants from liability by precluding damages, attorney fees,

costs, and leaving individuals with no meaning avenue of redress. *Whitney v. Alltel Commc'ns, Inc.*, 173 S.W.3d 300, 311 (Mo. Ct. App. 2005) (holding that an arbitration provision that prohibited class actions was unconscionable because the "provision preclude[ed] incidental, consequential, punitive, or exemplary damages as well as attorneys' fees; and the provision require[ed] the consumer to bear the costs . . . ."); *Woods v. QC Fin. Servs., Inc.*, 280 S.W.3d 90, 96–99 (Mo. Ct. App. 2008) (holding that a class action waiver in an arbitration provision was substantively unconscionable because it left the plaintiffs "with no meaningful avenue of redress through the courts.").

Here, those concerns are not present because the Waivers are limited to proceeding collectively and do not preclude or limit the recovery of attorney fees, costs, or damages. *Pleasants v. Am. Exp. Co.*, 541 F.3d 853, 857 (8th Cir. 2008). While Plaintiffs contend that the Waivers are unconscionable because they implicate substantive statutory rights under the FLSA, this argument fails. As discussed above, contrary to Plaintiffs' assertions, the collective action waivers do not waive any of Plaintiffs' substantive rights under the FLSA; Plaintiffs are free to bring individual actions asserting their FLSA rights. Further, the right to proceed collectively under the FLSA is a procedural right and is thus waivable. *See Owen*, 702 F.3d at 1055 (reversing trial court decision that found right to collective action under the FLSA was non-waivable); *Sutherland*, 726 F.3d 296–97 n.6 (determining that the FLSA does not contain a "contrary congressional command" that prevents an employee from waiving his or her ability to proceed collectively and that the FLSA collective action right is a waivable procedural mechanism). Therefore, the Waivers do not impermissibly insulate

15

Defendants from liability, and the Plaintiffs can still pursue their FLSA claims individually.

Plaintiffs further argue that whether they are classified as independent contractors or employees affects the validity and enforceability of the Waivers, but this argument likewise fails.  Plaintiffs contend that if they are employees, the ICOAs are unconscionable because they might be the result of adhesion and bargaining inequality, or the Plaintiffs might be waving statutory rights.  Independent contractors are not eligible for relief under the FLSA, so this does not render the contract unconscionable. *Karlson v. Action Process Serv. & Priv. Investigations, LLC*, 860 F.3d 1089, 1092 (8th Cir. 2017) ("FLSA wage and hour requirements do not apply to true independent contractors . . . ." (citation omitted)).  Assuming *arguendo,* that the Plaintiffs are employees rather than independent contractors, the Court has already examined Plaintiffs' assertions related to potential adhesion and bargaining inequality and determined the Waivers are not void under procedural unconscionability.

Even if the Plaintiffs are classified as employees and that classification affects the validity of the Waivers in the ICOAs, this does not render the Waivers invalid.  Although Plaintiffs do not identify any other contractor-based waiver provisions that may be unenforceable, each ICOA contains a severability clause.  ECF Nos. 17-1–3 at § 27.2 (severability clause).  This clause states:

> If any provision (including any sentence or part of a sentence) of this Agreement is deemed invalid for any reason, this Agreement will be void only as to that provision, and this Agreement will remain otherwise binding between the parties. Any provision deemed voided will be replaced with provisions that will be as close to the parties' intent as permissible.

*Id.*

"Generally, . . . Court[s] will give effect to a severability clause when the clause being severed is not a necessary part of the contract." *Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 436 (Mo. 2015); *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 813 (Mo. 2015) (en banc) ("[U]nconscionability of the terms does not invalidate the entire agreement . . . ."). Even if, *arguendo*, Plaintiffs could establish that their status as employes rendered some portions of the contracts unenforceable, under the severability clause only the invalid parts of the ICOAs would be severed, and any valid parts would be left intact.  Inasmuch as the Court has already determined that the Waivers are valid, the classification of Plaintiffs as employees does not invalidate the Waivers.

While the Waivers may discourage attorneys seeking to litigate via collective action, the Waivers do not make all vindication of Plaintiffs' rights economically infeasible.  Enforcing the ICOAs as to the collective and class action waivers, therefore, does not lead to an unconscionable result.  In *Phillips v. Riverside Transp., Inc.*, and *Smith v. Quality Carriers, Inc.*, the district courts analyzed the exact same waiver language, enforced the waivers, and struck the FLSA collective allegations.  *Phillips*, 2024 WL 3400252, at *1, *3–6; *Smith*, 2025 WL 1332198, at *1, *3–6.  In short, the Waivers in the ICOAs are not such an unfair agreement "as one in which no man in his senses and not under delusion would make, on the one hand, and as no honest and fair man would accept on the other." *Pleasants*, 541 F.3d at 857.  Therefore, based on the

17

totality of the circumstances the Court concludes that the Waivers are not unconscionable.

**Enforceability**

Plaintiffs argue that even if the Waivers are valid they cannot be enforceable against all of the named Plaintiffs.  Plaintiffs argue that Plaintiff Raushanah Smith is a non-signatory who is not bound by the waiver because she signed on behalf of Nori Transports, LLC, and not in her individual capacity.  As such, Plaintiffs claim that absent some theory binding Plaintiff Raushanah Smith, the waiver cannot be enforced against her.  Additionally, Plaintiffs argue the Court should decline to enforce the Waivers because the Waivers leave the putative opt-in plaintiffs unaddressed.

Under Missouri law "it is the principal that can be bound by the signature of the agent, not the agent that can be bound by the signature of the principal." *Nitro Distrib., Inc. v. Dunn*, 194 S.W. 3d 339, 345 (Mo. 2006), *as modified on denial of reh'g* (June 30, 2006).

At this time the Court will not enforce the Waiver against Plaintiff Raushanah Smith.  The ICOA is between Associated Couriers, as the "Carrier", and Nori Transports, as the "Contractor." ECF No. 17-1. at 1.  Raushanah Smith is a non-signatory to it, only signing on behalf of Nori Transports, and not in her individual capacity. *Id.* at 13.  While there are ways to enforce contracts against non-signatories, the record before the Court is not developed enough to decide that issue at this time. *See Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 846 (8th Cir. 2012) ("[A] willing signatory seeking to arbitrate with a *non-signatory* that is unwilling must establish at least one of the five theories described in

18

*Thomson–CSF, S.A. v. Am. Arbitration Ass'n,* 64 F.3d 773, 776 (2d Cir. 1995)." (quoting *CD Partners, LLC v. Grizzle,* 424 F.3d 795, 799 (8th Cir. 2005))).  Even though the broad language of the Waiver applies to "Contractor's Workers" which would very likely include Raushanah Smith, who is listed as the "Owner", Defendants have not yet shown that they can enforce the ICOA against non-signatory Raushanah Smith.  ECF No. 17-1 at 11, 13.

Plaintiffs are correct that at this stage it is impossible, without the assistance of a more developed record, to determine if Raushanah Smith signing on behalf of Nori Transports, had the ability to waive her FLSA rights and the FLSA rights of any other employees. This is especially true in the absence of any theory binding her to the Waiver or facts related to the performance of the contract.  As such, the Court will not strike the collective action allegations with respect to Raushanah Smith.  However, that does not render the Waivers that Plaintiffs Joseph L. Smith and Erick Williams signed unenforceable.

Lastly, Plaintiffs argue that Defendants offer no evidence that any putative opt-in plaintiffs executed the same agreements or are bound by the same waiver.  In Plaintiffs' view the Court cannot strike the collective allegations as it might impact the rights of potential opt-in plaintiffs.  The clear and unambiguous language of the waiver plainly covers the putative opt-ins as it reads: "CONTRACTOR AND CONTRACTOR'S WORKERS WAIVE ANY RIGHT TO INITIATE, JOIN (I.E., OPT IN TO)."  ECF Nos. 17-1–3 at § 26.2.  As such, any putative opt-ins who signed, in their individual capacity, an ICOA with the collective action Waiver are presumably covered by the Waiver.  To

19

the extent individuals signed some different agreement with Associated Couriers, it raises questions regarding the ability of the Plaintiffs to represent them.  Further, to the extent that Plaintiffs attempt to argue that there is some unique exception in the context of the collective actions waivers, Plaintiffs provide no basis for such an exception and the Court declines to find one.  *Rusis v. Int'l Bus. Machines Corp.*, 529 F. Supp. 3d 178, 196 (S.D.N.Y. 2021) ("This Court is unaware of any "judicial convenience" exception to a valid class and collective action waiver and rejects Plaintiffs' invitation to create one.").

## CONCLUSION

In summary, Joseph L. Smith and Erick Williams entered into valid and enforceable class and collective action waivers with Defendants, and the terms of the waivers are not unconscionable.  Thus, the Court will strike the collective allegations as to Plaintiffs Joseph L. Smith and Erick Williams permitting them to proceed solely in their individual capacity.  These collective allegations are "impertinent" material under Rule 12(f) since the Waivers render the collective allegations unsupportable based on the pleadings and failure to strike them would prejudice the Defendants.  *See Donelson*, 999 F.3d at 1092 (citing *BJC Health Sys.*, 478 F.3d at 916–18).  But on the current record, the Court declines to enforce the Waiver and strike the collective allegations as to Plaintiff Raushanah Smith at this stage.

Defendants argue, in the alternative, that the Court should order that the issue be briefed as a summary judgment motion. But no such motion is before the Court, and Defendants may seek any further relief supported by the record.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to strike Plaintiffs' collective allegations, (ECF. No. 17), is **GRANTED** in part and **DENIED** in part. The Court will strike the collective allegations asserted by Plaintiffs' Joseph L. Smith and Erick Williams.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2026.

21